## Lessig *v.* National Iron Bank of Pottstown et al., Appellants.

Argued April 25, 1941. Before SCHÄFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wm. Barclay Lex,* with him *William A. O'Donnell* and *Hepburn & Norris,* for appellants.

*Theodore Lane Bean,* for appellee.

OPINION BY MR. JUSTICE LINN, May 12, 1941:

This appeal is from judgment for plaintiff, on a case stated for the opinion of the court, surcharging defendants with $2,500 and interest, wrongfully deducted by them from trust property. While such an inquiry frequently involves two issues, (1) whether a surcharge should be imposed, and (2) in what amount, in this case the amount is agreed to and the only question is whether defendants are liable for it. Generally ques-

tions of surcharge arise on exceptions to a fiduciary's account in which he takes credit for such expenditures by charging them against the trust,[1] but the same rule of liability is applicable in this case. As defendant trustees made distribution without filing an account, the parties agreed in this suit to try the right to charge the trust property.

The transaction involved is described in the opinion in *Gerber's Estate*, 337 Pa. 108, 9 A. 2d 438, incorporated into this case stated; the facts need not therefore again be set forth in detail at this time. Briefly, the National Iron Bank of Pottstown, one of present defendants, loaned $20,000 to Emil Gerber, who executed and delivered to the Bank twenty $1,000 bearer bonds. To secure payment Gerber assigned a remainder interest in his father's estate to the Bank and Edward J. Storb, as trustees for the bondholders. Thus the Bank acted in the dual capacity of both the original lender and one of the trustees for bondholders.[2] Shortly thereafter the bank sold the bonds to Lessig, the present plaintiff. When the time came for the distribution of the assigned remainder interest, Gerber excepted and sought to set aside the assignment on the ground that the loan was usurious. The Bank and Storb defended on behalf of the bondholder. We held that in the circumstances the Bank had violated the provision against usury contained in the National Banking Act, but that this defense was not available against Lessig, a holder in due course.

After defendants received the award made to them as Emil Gerber's assignees, Lessig, the plaintiff in the

---

[1] *Reich's Estate*, 230 Pa. 55, 79 A. 151; *Grollman's Estate*, 273 Pa. 565, 117 A. 351; *Kline's Estate*, 280 Pa. 41, 124 A. 280; *Huff's Estate*, 299 Pa. 200, 149 A. 179; *Commonwealth Trust Co. Case*, 331 Pa. 569, 1 A. 2d 662.

[2] Compare *Commonwealth Trust Co. Case*, 331 Pa. 569, 581, 1 A. 2d 662.

case stated, holder of the bonds, presented them for payment at the defendant bank where they had been made payable. Instead of paying them in full, defendants deducted the sum of $2,500, which they had paid to counsel for services rendered at their request in the litigation in Gerber's Estate. The plaintiff declined to assent to the deduction and now claims for the amount withheld.

The defendants asserted a right to deduct the expenditure on the ground that, as trustees, they were authorized to charge the trust with sums necessarily expended in protecting it. The plaintiff's contention, adopted by the learned court below, was that the assignment was challenged in Gerber's Estate because of the unlawful conduct of defendant bank, which, at its own expense, it was its duty to defend; that plaintiff was the holder of the bonds in due course by purchase from the bank and that, in the circumstances disclosed in the opinion filed in Gerber's Estate and in the case stated, defendants had no right to charge the trust.

The inquiry, then, is whether the defendant bank or the present plaintiff should pay counsel retained by the trustees to defend the bank's wrongful act in taking the $1,990. Here the fact appears that the expenditure was made in defending conduct prohibited by the Act of Congress. While it is true that the bondholder benefited by action of the trustees, it is equally clear that the litigation was caused solely by the wrongful act of the Bank in receiving the usurious interest. The expenditure, therefore, is not chargeable to the trust property. Nothing suggested in the case stated or in argument requires consideration of the relation of the two defendants as between themselves; their liability to plaintiff is joint and several; what their obligations to each other may be on payment of the judgment is not before us.

The judgment is affirmed.