Band Estate.

Argued March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Frank B. Francis,* appellant, in propria persona.

*Frank I. Ginsburg,* with him *E. Wallace Chadwick, John W. Wellman,* and *Chadwick, Curran, Petrikin & Smithers,* for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

This appeal involves the right of a corporate trustee to charge counsel fees to a trust estate for legal

services involved in filing an account when the trust company liquidates and a substituted trustee is appointed.

William Band, Jr. died March 15, 1930 naming the Delaware County Trust Company and Frank B. Francis, co-executors under his will. Upon filing their account the executors equally divided the customary fee. Three trusts were created under the will and the Delaware County Trust Company named trustee; two consisting of legacies of $10,000 each and one consisting of the residue of the estate amounting to approximately $40,000. Frank B. Francis, the appellant herein, was named as the remainderman in all three estates after payment of income for life to different named persons. As at least one of the life tenants in each trust estate is living, all of the trusts are still active. The trustee has been paying the income from these trusts to the life tenants and has been deducting a commission from the income, but has never before claimed a commission from the corpus of the trust estate except for its fee as co-executor of the decedent's estate.

The Delaware County Trust Company sold its corporate assets, and in the process of liquidation petitioned the Orphans' Court of Delaware County to appoint the Fidelity-Philadelphia Trust Company as substituted trustee, and on March 2, 1955 filed accounts in the three trusts. In the accounts it claimed $410.62 as its commission and $500 for the payment of counsel fees on the one trust, $97 commission and $100 counsel fee on another, and $93 commission and $100 counsel fee on the third.

Frank B. Francis, the remainderman, filed exceptions to the payment of these commissions and counsel fees.

At the audit the accountant withdrew its claims for its commissions and the auditing judge thereupon filed an adjudication disallowing the trustee's commissions but allowing the counsel fees.

The appellant contends that the lower court erred in approving payment of counsel fees out of the assets of the trust estate and in failing to rule in the adjudication that no fee could be charged or would be collected by the substituted trustee payable out of the corpus of the trust estates.

As to the counsel fees in the largest trust the lower court held as follows: "With respect to the credit claimed in the account for attorney's fee, paid to counsel for the accountant, the court finds that the said counsel performed valuable services in connection with the preparation of the account and the presentation of this matter to the court, that the fair and reasonable value of such legal services is $500.00, and that same is properly payable out of the principal of the trust fund. Accordingly, objection No. 2 to the account presently before the court is hereby dismissed, payment of counsel fee in the sum of $500.00 is hereby approved and the credit for such payment claimed in the account is hereby approved and allowed by the court."

Similar findings were made in the other two trusts except that the amount allowed counsel was $100 in each.

The appellant argues that the sale of the trust company's assets and the termination of its fiduciary relationship and liabilities are solely for its own benefit and confer no incidental or other benefit on the trust estates or their beneficiaries and that therefore the trust company should file no account or should pay the expenses out of its own funds or should prepare

and file the account without the services of an attorney.

The Fiduciaries Act of June 7, 1917, P. L. 447, Section 46 (h), 20 PS §838, provided that trustees could file accounts triennially. The Fiduciary Act of April 18, 1949, P. L. 512, Section 981, 20 PS §320.981, now provides: "A trustee shall file an account of his administration at the termination of the trust and may file an account at any other time. The Court may direct him to file an account at any time."

If not absolutely necessary, it certainly is at least advisable, that a trustee upon resigning should file an account unless the filing is waived by all parties in interest.[1] As a general rule the expenses of filing an account by a trustee are properly chargeable to the trust estate.

There was no abuse of discretion in permitting the trustee to resign under the circumstances of this case. It was aptly stated by the auditing judge in the adjudication as follows: "With respect to the resignation of the testamentary trustee, the court is confronted by the practical situation that the said trustee has in fact arranged for the sale of all its corporate assets and is in the process of formal liquidation. To refuse to permit it to resign as testamentary trustee would in effect amount to a veto by the court over the purported plan of liquidation. This result would be absurd on its face. To refuse to permit a bank or trust company to terminate its corporate existence until each and every one of its fiduciary obligations have expired in

---

[1] The Delaware County Trust Company sold its assets .to the Fidelity-Philadelphia Trust Company. It was thus involved in a liquidation and not in a merger or consolidation. For the law governing the transfer of trust estates in cases of mergers and consolidations of corporate trusts see Act of May 15, 1933, P. L. 624, Section 1410 as amended, 7 PS 819-1410.

the normal course of events would necessarily mean perpetual existence, since many of its charitable trusts are perpetual. Accordingly, it would be a manifest abuse of discretion for this court to refuse to permit the Delaware County Trust Company to resign as trustee."

Thus if it was proper for the trustee to resign and advisable for a resigning trustee to file an account, it was proper for an account to be filed in this case.

The services of a trustee and the attorney for a trustee at times overlap, and the amount of work required by each may vary somewhat depending on the knowledge and ability of the trustee. Their duties and functions, however, are independent and have always been recognized as such. It is not the intent of the law that corporate trustees should engage in the practice of law. It is the right, and generally the duty, of a trustee to secure legal advice and assistance in preparing and presenting an account to the Orphans' Court.

The cases cited by the appellant are not in point. In *Peoples-Pittsburgh Trust Co. v. Pittsburgh United Corporation,* 334 Pa. 107, 5 A. 2d 890 (1939), the attorney who attempted to collect from the estate did not represent the trustee but one of the beneficiaries. *Lewis Estate,* 349 Pa. 455, 37 A. 2d 559 (1944); *Lessig v. National Bank of Pottstown,* 342 Pa. 209, 20 A. 2d 206 (1941); *Kline's Estate,* 280 Pa. 41, 124 A. 280 (1924); *Grollman's Estate (No. 1),* 273 Pa. 559, 117 A. 348 (1922) all involved circumstances where the trustees improperly dealt with the estate and were therefore denied counsel fees in the litigation arising out of their improper conduct.

Whether or not it is proper to file an account and the amount of counsel fees which should be allowed is within the discretion of the court below, and unless

that discretion is abused the appellate courts will not reverse. *Ward Estate,* 350 Pa. 144, 148, 38 A. 2d 50 (1944).

There was no abuse of discretion in this case. If because of repeated bank liquidations, or for any other reason, appointment of substituted trustees would result in repeated filing of accounts which would become an undue burden upon the estate, it would be the duty of the Orphans' Court to take steps to prevent such unreasonable burden.

In the instant case the trustee has served since 1931 and the last accounts filed in the three trusts were respectively 1931, 1942 and 1945.

A case in which the facts were strikingly similar to the one before us and in which a well reasoned opinion came to the same conclusion as we have here is *In re: Frank's Estate,* 92 N.Y. S. 2d 433 (1949). The court there said: "It is to be expected that resigning trustees' applications for principal commissions will be scrutinized more critically and treated more harshly than applications for their counsel fees. In the former event not only will the trust estate be burdened by paying a double set of principal commissions, but there is an element of gain or profit to the trustee at the expense of the estate. Repeated resignations by succeeding trustees could materially deplete the corpus of a trust estate.

"It may be, therefore, that the area of judicial discretion in allowing principal commissions to resigning trustees is pinched almost to the vanishing point. That is no longer my concern herein in view of the petitioner's disclaimer of principal commissions. Payment of its legal expenses, however, is reimbursement of a disbursement incurred by a resigning trustee, and cannot be translated into a profit by the trustee. While the causes or motives for resignation and the effects

therefrom upon the trust estate must be examined and weighed with great caution, nevertheless the court is allowed some latitude in passing upon applications for counsel fees by resigning trustees.

"Several factors attendant upon this trustee's resignation commend themselves to the favorable exercise of the court's discretion in acting upon the trustee's application. It has not made a practice of frequent or indiscriminate accountings; one accounting in seventeen years, and that required by reason of the trustor's death. The instant accounting is necessitated by the impending dissolution of the trustee, so its good faith in this regard cannot be challenged. I am not prepared to state that the trustee could not properly and appropriately have presented its accounting at this time if it were not in process of dissolution and therefore required to account. Cf. Brautigam v. Escher, 2 Dem. 269. In such event the trustees would clearly be entitled to reimbursement of its counsel fees in connection with the accounting. And, there will be some benefit derived by the trust estate in that its accounts will have been approved to date."

There was no abuse of discretion in allowing counsel fees in the instant case.

Nor is there merit to the appellant's contention that the lower court should provide in its adjudication that no commission payable out of the corpus of the trust estates could be charged or would be collected by the substituted trustee.

The Delaware County Trust Company has withdrawn its claim for commission and therefore that matter is not before us. If a claim is made for a commission by the Fidelity-Philadelphia Trust Company upon final liquidation of the trust estates, or at any other time, the question of its right to such compensation can then be properly raised and determined. (On the

right of the trustees to claim commissions see *Williamson Estate*, 368 Pa. 343, 82 A. 2d 49 (1951); the Act of April 10, 1945, P. L. 189 and the Act of May 1, 1953, P. L. 190, 20 PS §3274-3279).

The lower court in its opinion properly stated that: "Until any claim for commissions shall have been made by the substituted trustees, any ruling by the Court thereon would be premature and ill advised. The action by this Court on any request by the substituted trustees for commissions or fees must abide the event."

Decree affirmed.