## Reich's Estate.

*Trusts and trustees—Misconduct—Commissions—Counsel fees—Decedents' estates.*

Where trustees keep no books of account, and the account filed by them is so grossly inaccurate as to require three successive corrected statements, and an accounting is only reached by compulsion, and where it also appears that only a small portion of the income was applied to the maintenance of the testator's widow as directed by the will, and most of it was appropriated to the permanent improvement of real estate in which the accountants had an interest in remainder, the trustees will not be entitled either to commissions or counsel fees.

Argued Oct. 21, 1910. Appeal, No. 116, Oct. T., 1910, by Gustave A. Reich et al., from decree of O. C. Allegheny Co., June T., 1909, No. 59, dismissing exceptions to adjudication in Estate of Conrad Reich, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

HAWKINS, P. J., filed the following adjudication:
The question involved here is the true balance of in-

come due testator's widow as tenant for life. Mr. Reich died March 3, 1896, leaving a will by which he gave his estate to the executors in trust for his wife, Gertrude, for life provided she should remain his widow and in the event of her remarriage his effects should be sold and she given the third of the proceeds. A legacy of $2,000 was given his daughter, Mrs. Oestreich, and the residue to his sons, Gustave, William and Louis. Gustave and Louis were made executors and assumed the duties of the trust. No accounts were filed until under compulsion in 1909, and upon the audit of these accounts it appeared that no books had been kept; but classified reports, deposit books, checks and receipts were produced from which the accounts were made up. In the settlement of the trust estate three amended statements were successively made after the evidence had developed errors in the previous statement. The final analysis showed that the trustees had received:

    (1) Corpus:

| | | |
|---|---|---|
| Personal estate. | | $7,566.96 |
| Appreciation of stock. | | 1,600.00 |
| Return premium. | | 81.29 |
| | | $9,248.25 |

    (2) Income:

| | | | |
|---|---|---|---|
| Interest. | $1,388.39 | | |
| Dividends. | 880.00 | | |
| Rents. | 29,192.14 | | |
| | $31,460.53 | | |
| Less adm expenses. | $16,679.47 | | |
| Paid Mrs. Reich... | 5,302.62 | 21,982.09 | 9,478.44 |
| | | | $18,726.69 |

Among the items of expenses of administration are:

Accountant's commission. . . . . . . . . . . . . .  $1,500.00
 (which were said to have been forfeited
 by misconduct).
Attorney fees. . . . . . . . . . . . . . . . . . . . . . .     400.00
 (which were objected to as being exces-
 sive) and
Agent's commission for collecting rents. . .   1,231.70
 (which were objected to because one of
 the executors received half of these com-
 missions as partner in the agency firm).

The evidence does not show what services were ren-
dered by counsel.   They were allowed $200 in the audit
of the administration account.
 Of the corpus of the personal estate the
  trustees invested in betterments of the
  real estate. . . . . . . . . . . . . . . . . . . . . . . . .  $8,657.25
  And of the balance of income . . . . . . . . .   9,478.41
             —————
             $18,135.66

This was done with the consent of Mrs. Reich who, how-
ever, was incompetent to transact business and was under
the influence of the executors during the period covered
by these betterments.   There was however no release of
her right to the income used for this purpose until the
present proceeding was pending and this release was made
without any consideration and without comprehension
of its effect.

 1. Compensation is allowed to the faithful steward for
his care, trouble, and responsibility in the management
of the estate.   The decisions differ somewhat as to what
amount of negligence or misconduct will deprive a trustee
of his commissions.   The Supreme Court has been more
lenient in some cases than in others.   But it seems well
settled that where there has been a willful disregard of
the duties of the trust, where there has been gross laches
in filing an account and settlement is made only under
compulsion; where no books are kept and a very unfair

exhibit is made in the account; and where the trustee has converted trust assets to his own use, no compensation will be allowed: Norris's App., 71 Pa. 106; Wistar's App., 54 Pa. 60; Bond's App., 2 Penny. 241; and the present case falls within this line of exclusion. There was gross laches and compulsion in accounting; there were no account books kept; the account filed was so grossly inaccurate and confusing that during the course of the audit the trustees voluntarily filed three successive corrected statements, the last of which was on its face inaccurate; and nearly two-thirds of the income to which the widow was entitled was appropriated by the trustees to the permanent improvement of real estate in which they had an interest in remainder. Mrs. Reich certainly ought not to be expected to compensate the misconduct of her trustees. It is a hardship that she has been subjected to the expense, trouble and delay of the litigation which that misconduct caused.

2. Nor is the credit for $400 counsel fees entitled to allowance in the absence of proof of services rendered beneficial to the estate. The course of administration pursued by the trustees was not such as they would have advised. The successive statements voluntarily filed by the trustees during the course of the investigation were made necessary because the first account failed to exhibit the true condition of the trust. If these acts were done under the advice of counsel the services of counsel cannot be said to have been beneficial to the estate.

3. It seems very clear that assuming Mrs. Reich was competent to transact business her consent to the investment of part of her income in the improvement of decedent's real estate cannot be construed as a gift. The trustees were in duty bound to invest surplus income and the natural inference would be, in the absence of words importing a gift, that they were making such investment. The trustees seem to have admitted this when they induced their mother to sign a written release pending the litigation. It is immaterial that no evidence of loan was

given; for it was their duty to have given it; and the trust fund is traceable into the land. The release secured from Mrs. Reich is worthless as having been obtained by undue influence. Aside from Mrs. Reich's legal right there are strong equities underlying the case. Mrs. Reich, since her husband's death, has been living with her daughter, Mrs. Oestreich; for most of the time she was a paralytic; her maintenance, care and nursing has been onerous, and the compensation allowed by the trustees, instead of being liberal, as the income justified, was paltry. She was at least entitled to fair treatment and it was not fair to use for the improvement of the real estate in which they had interest in remainder income which should have been used to relieve Mrs. Oestreich of the burden of support. If anybody was entitled to a preference, she was.

The surplus income will be treated as having been invested in decedent's real estate for the benefit of the widow and as no mortgage was given the trustees will be ordered to do so now.

4. While the investment of corpus personalty in real estate was beneficial to the trustees as tenants in remainder, there was no apparent loss to the widow. The security is admittedly good and the income was maintained.

The court dismissed exceptions to adjudication.

*Error assigned* was in dismissing exceptions to adjudication.

*E. W. Arthur*, with him *W. S. Thomas*, for appellants, cited: Myers v. Bryson, 158 Pa. 246; Bechtel's App., 7 Pa. Superior Ct. 451; Miller's Est., 17 Phila. 433; Hess's Est., 11 Pa. Dist. Rep. 397.

*H. M. Scott*, for appellees.

PER CURIAM, January 3, 1911:

The order of the court dismissing exceptions to the adjudication is affirmed for the reasons stated in the opinion of the learned president judge of the orphans' court.