## Martin's Estate.

*Wills—Construction—Gift to widow—Personal estate—Interest on deposits.*

1. An absolute estate given or bequeathed by will is not to be cut down by subsequent provisions of doubtful import.

2. Where testator provides that his wife shall have the use and benefit of the residue of his estate during widowhood, and the wife dies without having remarried, her executrix will be entitled to interest on moneys deposited by the testator in his lifetime and additions made thereto out of the testator's estate by his wife, where it appears that the wife never drew out such deposits or the interest thereon during her lifetime.

*Decedents' estates—Executor's accounts — Commissions — Life tenant.*

3. An executrix who is also a life tenant is entitled to commissions, claimed by her executrix after the former's death.

Argued May 12, 1924. Appeal, No. 310, Jan. T., 1924, by D. M. Howard, Administrator d. b. n. c. t. a., from decree of O. C. Warren Co., March T., 1922, No. 9, dismissing exceptions to auditor's report in estate of D. M. Martin, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of C. E. Bordwell, Esq., auditor. Before ARIRD, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. D. M. Howard, administrator, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Homer J. Muse,* for appellant.—While testator's intent is to be ascertained from his will, the widow took the right to use and control, during widowhood, the residue of the estate, and whatever she did not consume goes to his kindred: Henninger v. Henninger, 202 Pa. 207; Dickinson's Est., 209 Pa. 59; Kennedy v. R. R., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56; Briggs v. Caldwell, 236 Pa. 369; Fassitt v. Seip, 240 Pa. 406; Tyson's Est., 191 Pa. 218.

She was not entitled to commissions as executrix: Happenstall's Est., 144 Pa. 259.

*L. C. Eddy,* for appellee, cited as to commissions: Pelham's Est., 9 Kulp 347; Whitehill's Est., 3 Lanc. Law Rev. 275; Sec. 45, Decedents' Estates Act of June 7, 1917, P. L. 447.

PER CURIAM, May 27, 1924:

D. M. Martin died December 30, 1904; his will, dated October 27, 1888, reads as follows: "I devise and bequeath my estate and property of whatsoever kind to my wife Mary M. Martin in the manner following, that is to say I give to the said Mary M. Martin my wife the house and lot where we now reside together with all the furniture and fixtures therein contained, absolutely without conditions and after paying all my just debts and giving to our adopted daughter Ella B. Martin one thousand dollars, in such a manner as she the said Mary M. Martin may deem the most fitting for her use and benefit. The balance of my estate I desire that my wife shall have the use and benefit of so long as she remains my widow. I also appoint her my sole executor without giving bail. And without apprisal and should anything remain over the above it is my wish that the residue shall be divided among my nearest kin share and share alike."

Mary M. Martin, the widow, died November 17, 1921, testate; she appointed Emma Briggs executrix. December 1, 1921, D. M. Howard, appellant, took out letters of

administration d. b. n. c. t. a. on the estate of the said D. M. Martin deceased. March 6, 1922, Emma Briggs, executrix as aforesaid, filed an account for her decedent in the estate of D. M. Martin; this appeal is from the disposition of exceptions to the adjudication of that account by the orphans' court.

We adopt the following excerpts from the opinion of the court below: "The real contest in this case is over the interest on money that D. M. Martin had deposited, in two banks, at the time of his death, and interest on funds that Mary M. Martin, as executrix of the estate of D. M. Martin, had collected and deposited in the same banks to her credit as executrix of said estate...... We hold that, under the second clause or paragraph of [his] will, testator made an absolute gift to his wife of the use and benefit of his estate so long as she remained his widow......; [and she] remained his widow until her death. It has been repeatedly held......that an absolute estate will not be cut down by subsequent provisions of doubtful import; and when testator provided that his wife should have the use and benefit of the balance of his estate, if the property devised was real estate she naturally would take the occupation or cultivation [thereof] or rents [to] be obtained [therefrom;], and for the money, or its equivalent, as Webster says, 'the use generally speaking consists of the interest which the money would earn.'......The true intention of D. M. Martin was to provide for his wife......; she was the first......object of his bounty......Under this will Mary M. Martin could have used every dollar of the moneys left [by her husband] in the two banks, as well as other personal property, but instead of that she left the [money]......in the banks......and then, as executrix, she deposited other funds belonging to the corpus of her husband's estate, as well as the interest on such funds; now, under her last will and testament, her beneficiaries are simply claiming the interest that accu-

mulated and was saved by Mary M. Martin." This claim was properly allowed.

We need add only that the court below did not err in allowing reasonable compensation, or commissions, to the accountant; and we find no merit in appellant's other complaints. Finally, for purposes of this case, the right of D. M. Howard, administrator d. b. n. c. t. a., to proceed in the court below and to take the present appeal was conceded at bar.

The assignments of error are overruled and the decree is affirmed at the cost of the estate of D. M. Martin, deceased.