## Moyer Estate

Before Van Dusen, P. J., Klein, Bolger, Ladner and Hunter, JJ.

*Welsh, Watson & Smith,* for exceptants.

*Moore, Panfil & James,* contra.

HUNTER, J., June 25, 1948.—Testator's direction that $200 per month be paid to his widow out of income and principal was an outright gift. There was no discretion in the trustees to pay or withhold. It was not a power to consume, payable only on demand, nor was it restricted to wants and necessities. It was a gift of the estate payable in instalments, if the widow should so long live.

She was co-trustee with the Northern Trust Company. She did not take the whole amount per month, and money was paid to her only as she asked for it. At her death the amounts due and unpaid exceeded the balance of the estate.

The question is whether her failure to take the full monthly sums was a waiver in favor of the remaindermen. She was 70 years of age at the death of her husband in 1926, and his estate was all she had to live on. Had payments been made as directed by the will, the estate would have been exhausted in 1940.

As stated by the auditing judge, it is obvious, independently of her oral declarations to that effect, that she refrained from demanding the monthly sums because she wanted to conserve the principal of the estate for her own benefit. Her method of saving was to leave the money invested in the hands of the trustees.

As was said by Mr. Chief Justice Kephart in Daily's Estate, 323 Pa. 42 (48):

". . . the life tenant did nothing to estop him or his estate from claiming what is lawfully his. The equitable ownership of profits in a trust cannot be lost by mere inaction: *Bullit's Est.*, supra [308 Pa. 413]; *Wallace v. Wallace*, 72 S.E. 553."

See also Reich's Estate, 230 Pa. 55, Martin's Estate, 280 Pa. 573, Mallory's Estate, 285 Pa. 186; Hoffman's Estate, 3 Dist. R. 663; Kunzi's Estate, 24 Montg. 166; Keiper's Estate, 21 D. & C. 639.

The exceptions are dismissed and the adjudication is confirmed absolutely.