27 Ill.2d 171 (1963)
188 N.E.2d 664
LA SALLE NATIONAL BANK, Appellee,
v.
JEAN MACDONALD et al., Appellants.
No. 36547.
Supreme Court of Illinois.
Opinion filed February 1, 1963.
Rehearing denied March 27, 1963.
JEAN MACDONALD, JAMES M. MACDONALD, and GERTRUDE MACDONALD, appellants, pro sese.
GREGORY A. GELDERMAN, of Chicago, for appellee LASALLE NATIONAL BANK.
MORTON JOHN BARNARD, of Chicago, guardian ad litem for GERTRUDE MACDONALD.
Reversed and remanded.
Mr. JUSTICE UNDERWOOD delivered the opinion of the court:
Appellants, Jean Macdonald, successor trustee under the will of Charles Macdonald, and James M. Macdonald appealed to the Appellate Court, First District, from an order of the circuit court of Cook County entered November 28, 1960, modifying an order of September 26, 1960, which decreed the title to certain real estate to be vested in James Macdonald and his sister, Gertrude Macdonald, and fixed and allowed $2,500 in fees to the successor trustee. A cross appeal was filed by the conservator of *172 Gertrude Macdonald's estate, and the Appellate Court appointed Morton John Barnard as guardian ad litem for Gertrude. On motion by the guardian ad litem, the appeal was transferred to this court, a freehold being directly involved.
The appellants have been here twice before. (See La Salle Nat. Bank v. MacDonald, 2 Ill.2d 581; Macdonald v. La Salle Nat. Bank, 11 Ill.2d 122.) Appellants seek to raise again in this case issues previously determined by us; they will not be considered. It appears that a decree was entered by the circuit court on January 6, 1960, pursuant to the mandate of this court filed in 1954 in the earlier case (2 Ill.2d 581), and that this decree found the successor trustee had failed to account as directed by the court, vested the trust assets in Gertrude, and directed the master in chancery to turn over all such assets to La Salle National Bank as conservator of Gertrude's estate. This decree found the real estate at 1462 Ridge Avenue, Evanston, Illinois, to be Gertrude's property, and directed it to be conveyed to her. Jurisdiction of the matter of fees and expenses was reserved for future consideration. No appeal was taken from the January 6 decree nor was it ever vacated or set aside. The September 26, 1960, decree did not vacate the January 6 decree, nor did the November 28, 1960, order refer to it.
We hold that the court had jurisdiction of the persons and subject matter and that the January 6, 1960, decree was a final decree as to all matters excepting the determination of fees and expenses, and that the September 26, 1960, decree and its modifying order of November 28, 1960, constituted a collateral attack on the January 6, 1960, decree, and that the court had no jurisdiction to modify or vacate the January 6 decree after the expiration of thirty days. (Brockmeyer v. Duncan, 18 Ill.2d 502, 505; Steffens v. Steffens, 408 Ill. 150, 153; Cherin v. R. & C. *173 Company, 11 Ill.2d 447, 454.) No appeal had been taken and no petition filed under section 72 of the Civil Practice Act. Ill. Rev. Stat. 1961, chap. 110, par. 72.
The voluminous record here is replete with references to the failure of Jean Macdonald as trustee to account as directed by this court and the trial court. Nearly 9 years have elapsed since the mandate of this court was filed in 1954, finding the trust to have been finally terminated in 1951. Unnecessary litigation by Jean Macdonald has been almost continuous since 1954. To allow fees to a trustee at the expense of an incompetent's estate under the circumstances here present and without any evidence to justify such allowance is to perpetrate an intolerable injustice upon the incompetent. This litigation should have terminated with the decree of January 6, 1960, and we therefore reverse the decree of September 26, 1960, as modified by the order of November 28, 1960, and remand this cause to the circuit court of Cook County with directions to vacate the order of November 28, 1960, and the decree of September 26, 1960, and to promptly and expeditiously determine the matter of fees and expenses as reserved in the January 6, 1960, decree, disallowing any fees to Jean Macdonald as successor trustee.
Reversed and remanded, with directions.