■ In the Matter of the Intermediate Accounting of STATE STREET BANK AND TRUST COMPANY, as Surviving Trustee under a Trust Indenture Made and Executed by ALICE H. JAMES with HENRY JAMES, Respondent. JOHN H. HUGHES, as Guardian ad Litem of ARNOLD W. PORTER and Others, Infants, Appellant.— Order insofar as appealed from unanimously modified by deleting therefrom the last two lines of the sixth ordering paragraph thereof and by substituting therefor a provision that the trustee is surcharged with the full amount of commissions unlawfully retained by it and as so modified the order is affirmed, with costs to appellant. Memorandum: Special Term rightly decided that the trustee was not entitled to additional management commissions of $10,180.63 retained by it on gross rents, but erroneously permitted the trustee to retain $9,049.47 thereof, because the adult income beneficiaries who were entitled thereto had not filed objections to the account. Special Term should have ordered restoration of the full amount of illegally retained commissions notwithstanding such lack of objections, and in the exercise of our appellate jurisdiction we now do what Special Term should have done in the first instance. (*Terry & Gibson* v. *Bank of New York & Trust Co.*, 242 App. Div. 699; *Republic Metalware Co.* v. *General Renisurance Corp.*, 245 App. Div. 232, 240; *United Paper-Board Co.* v. *Iroquois Pulp & Paper Co.*, 249 N. Y. 588, affg. 217 App. Div. 253.) Commissions are compensation for services of a trustee and the allowance thereof depends upon the faithful rendition of the requisite services. (*Matter of Rutledge*, 162 N. Y. 31; *Matter of Taft*, 145 Misc. 435.) When no such services have been performed no commissions can be allowed (*Matter of Matthewson*, 8 App. Div. 8). Since commissions are compensation for services rendered they may not ordinarily be taken until allowed by the court and the trustee's right thereto rests in the discretion of the court. (*Flynn* v. *Judge*, 149 App. Div. 278, 280.) To avoid the hardship that might result to trustees in administering a trust over a long period of time they were allowed by subdivision 7 of section 1548 of the Civil Practice Act to retain 6% of gross rents as they were received. "The added fee on rents is a true commission for official services of the fiduciary" (*Matter of Schinasi*, 3 N Y 2d 22, 27) and a trustee's retention thereof is subject to approval or disapproval by the court. The trustee cannot make unilaterally any determination of its right to commissions, especially a determination so

beneficial to itself, free from court scrutiny. It is the right and duty of the court to disallow commissions which have been wrongfully retained, notwithstanding the absence of objections to the account. "The principle upon which all commissions are allowed * * * to wit, that they are for services well performed, postulates the right and duty of this court to disallow commissions for the collection of rents as well as for other services". (*Matter of Kramer*, 70 N. Y. S. 2d 239, 244.) Moreover, the trustee's duty of loyalty to its beneficiaries requires that it restore to them the rent commissions which it unlawfully retained and it is the duty of this court to hold the trustee to the standard of behavior required by law. (*Meinhard* v. *Salmon*, 249 N. Y. 458, 464; Restatement, Trust, 2d, § 170; 2 Scott, Trusts, pp. 1193, 1275, 1276, §§ 170, 170.25.) (Appeal from certain parts of an order of Onondaga Special Term.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.