# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sharon C. Anderson,**
**Plaintiff Below, Petitioner**

**vs.)   No. 22-0382** (Wood County 18-C-220)

**Judy Wright and Michael Crites,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Sharon C. Anderson appeals the order of the Circuit Court of Wood County, entered on April 19, 2022, approving the judicial sale of real property and the distribution of the net proceeds to the parties.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The parties each owned a one-third undivided interest in the real property located at 683 Wayside Farm Road in Parkersburg, West Virginia. The parties' ownership of the real property was subject to the interest of a life tenant who lived in the residence. After the life tenant's death, the parties disputed the real property's maintenance and upkeep. Accordingly, petitioner filed a complaint in the circuit court asking for a partition of the real property.

Following a bench trial, the circuit court, by amended order entered on October 8, 2021, found that the real property was not susceptible to a partition in kind and that none of the parties were willing to purchase the real property through allotment. Accordingly, the circuit court determined that the real property should be sold with the net proceeds distributed to the parties. In making this determination, the circuit court found that "there exists a great deal of animosity between [Respondent] Wright and [petitioner] and to a lesser extent between [Respondent] Crites and [petitioner]."

The circuit court appointed a special commissioner[2] and provided that the special commissioner could attempt to sell the real property in a private sale before proceeding with an

---

[1]Petitioner appears by Justin M. Raber. Respondents Judy Wright and Michael Crites are each self-represented.

[2]The circuit court entered its October 8, 2021, amended order to correct the name of the special commissioner in its original order.

auction of the property. Therefore, by order entered on November 19, 2021, the circuit court authorized the special commissioner to list the real property with a realtor. The realtor subsequently received a written bid of $70,000 for the real property, and the special commissioner accepted it as the high bid.

At the March 31, 2022, confirmation hearing, the special commissioner informed the circuit court that the $70,000 bid was a commercially reasonable offer given the real property's appraised value of $80,000. However, the special commissioner noted that, shortly after he accepted the $70,000 offer as the high bid, "I received a report, and I don't know whether [petitioner] called or how I found out, but someone said there was a higher offer that would be made." As the special commissioner told the bidder who made the $70,000 offer, any sale would not become final until it was confirmed by the circuit court. Rather, the circuit court could reopen the bidding in effort to obtain the highest bid possible for the real property. Accordingly, the circuit court heard testimony from two witnesses presented by petitioner as to whether she made an upset bid for the real property in the amount of $72,500.[3] When the realtor was called as a witness, she testified that, while she received oral bids for the real property, the special commissioner accepted only those bids made in writing. The realtor further testified that she did not recall any bid being made by petitioner but that "somebody from the family" called her and offered to buy the property for $72,500. Petitioner's next witness was her husband. Petitioner's husband testified that he offered $72,500 for the real property but did not "make a written offer." Rather, petitioner's husband "made a phone call" to the realtor who informed him that the bidding process was closed.

Although petitioner also called Respondent Wright as a witness, Respondent Wright testified that she did not believe that the additional $2,500 petitioner was offering for the real property constituted a sufficient increase in the price to justify a reopening of the bidding process. Respondent Crites did not testify, but expressed in argument his satisfaction with the $70,000 bid accepted by the special commissioner. Thus, the circuit court (1) found that petitioner "never made a written offer" and (2) approved the sale of the real property for the $70,000 bid accepted by the special commissioner as commercially reasonable. Petitioner moved the circuit court to stay the real property's sale during the pendency of any appeal, which motion the court denied. Therefore, the circuit court, by order entered on April 19, 2022, directed the special commissioner to sell the real property and distribute the net proceeds to the parties.[4]

Petitioner appeals the circuit court's April 19, 2022, order rejecting her upset bid and approving the sale of the real property for $70,000. Regarding upset bids, we have held:

> 1. Prior to confirmation, the decision whether to set aside a judicial sale and accept an upset bid is within the sound discretion of the circuit court.

---

[3] Petitioner also introduced documentary evidence showing that she and her husband obtained the necessary financing to make the $72,500 bid.

[4] Petitioner states that the real property has now been sold to the bidder who made the $70,000 offer pursuant to the circuit court's April 19, 2022, order that is the subject of this appeal.

2

2. "'Whether a sale of land shall be confirmed or the property again offered for sale, upon the filing of an upset bid, depends upon circumstances of the particular case, and the action of the trial court thereon will not be disturbed on appeal unless plainly wrong.' Syllabus Point 2, *State v. Hatfield*, 136 W.Va. 342, 67 S.E.2d 529 (1951)." Syllabus Point 1, *Old Nat'l Bank of Martinsburg v. Hendricks*, 181 W.Va. 537, 383 S.E.2d 502 (1989).

Syl. Pts. 1 & 2, *Smith v. Rusmisell*, 205 W. Va. 261, 517 S.E.2d 494 (1999); *see also* Syl. Pt. 7, in part, *Eakin v. Eakin*, 83 W. Va. 512, 98 S.E. 608 (1919) ("Before confirmation the rights of the purchaser are inchoate, and upon a showing of inadequacy of price, or upon an offer of a higher bid, properly secured, it is discretionary with the court whether it will confirm the sale or set it aside and direct a resale.").

On appeal, petitioner raises a single assignment of error: the circuit court erred in not accepting petitioner's purported upset bid, which she alleges was the highest bid at the March 31, 2022, confirmation hearing.[5] Respondents counter that the circuit court did not abuse its discretion in approving the $70,000 bid accepted by the special commissioner. We agree with respondents.

Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Accordingly, based upon our review of the March 31, 2022, hearing transcript and the other evidence in the appendix record, we find that the circuit court did not abuse its discretion in rejecting petitioner's purported upset bid. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Therefore, we conclude that the circuit court's confirmation of the sale of the real property for $70,000 was not plainly wrong.

For the foregoing reasons, we affirm the circuit court's April 19, 2022, order approving the judicial sale of real property and the distribution of the net proceeds to the parties.

Affirmed.

---

[5]To the extent that petitioner mentions issues that she does not assign as errors, we decline to address any such issues. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[petitioner's] brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." *See also State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

**ISSUED**: September 15, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4