TERRY & GIBSON, INC., Respondent, v. BANK OF NEW YORK AND TRUST COMPANY (Formerly NEW YORK LIFE INSURANCE AND TRUST COMPANY), as Successor Trustee of the Residuary Trust Created under the Last Will and Testament of EDMUND S. BAILEY, Deceased, for FLORENCE B. LAWRENCE and MARY DEPEYSTER CHARLES and Others, Appellants, Respondents, and Others, Defendants.— Record amended by inserting therein notice of appeal dated June 28, 1933, by defendant Bank of New York and Trust Company from the judgment of June 1, 1933, and by inserting the similar notice of appeal of defendant City Bank Farmers Trust Company. Order of July 11, 1933, directing amendment of the judgment of June 1, 1933, and the amended judgment of July 17, 1933, entered thereon, reversed on the law, with ten dollars costs and disbursements to appellant Roach, and motion denied, with ten dollars costs. The Special Term was without power to amend the judgment of June 1, 1933. Doing so was an unauthorized exercise of revisory or appellate jurisdiction. (*Herpe* v. *Herpe*, 225 N. Y. 323, 327.) Judgment entered June 1, 1933, modified by eliminating the provision for judgment in favor of plaintiff and against City Bank Farmers Trust Company, and providing that said defendant have judgment dismissing the complaint against it, without costs, and by inserting therein a provision giving judgment over against defendant Roach in favor of defendant Bank of New York and Trust Company. As thus amended, the judgment is unanimously affirmed, with costs to the plaintiff, respondent, against defendant Roach. On the record the plaintiff's

case was amply sustained and the original defendants were entitled to judgment over against the new defendant Roach, brought in under section 193, subdivision 2, Civil Practice Act. This court may do, in the exercise of its appellate jurisdiction, that which the trial court should have done in the first instance. The judgment in favor of the plaintiff directly against defendant Roach may be sustained on an additional theory. The plaintiff was free to decline to litigate with Roach, the new defendant. (*Mun. Ser. R. E. Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423.) But plaintiff was likewise free to forego its rights in this particular and to litigate any issues tendered by the new defendant in its pleadings and by reason of his conduct upon the trial. Defendant Roach in his pleading assumed to litigate directly with the plaintiff and asserted that he was vouched in for all purposes, meaning, apparently, that he had the right to litigate with the plaintiff. He had no such right unless the plaintiff acquiesced. The plaintiff did. Parties may tender issues and litigate them informally in the course of a trial and be bound by the decision thereon. This was the effect of defendant Roach's conduct, acquiesced in by the plaintiff. There developed in the record a basis for direct liability under the promise made by defendant Roach to original defendants to answer for their debt, established in the evidence in respect of a brokerage commission to the plaintiff. The plaintiff was free to adopt this promise (*Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v. *Ransom*, 224 id. 233) and have judgment accordingly. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.