■ BARBARA T. HORAN, Appellant, v. TOWN OF BROOKHAVEN et al., Respondents.— Judgment of the Supreme Court, Suffolk County, as amended by order of said court dated March 31, 1967, affirmed insofar as appealed from, without costs and without prejudice to any remedies which may remain to the parties. Where change of substance in the judgment is sought, the remedy is an appeal or motion to vacate, not a motion to amend the judgment (*Herpe* v. *Herpe,* 225 N. Y. 323; 9 Carmody-Wait 2d, New York Practice, § 63:157). However, in the exercise of our appellate jurisdiction, we now do what the lower court should have done (*Matter of James,* 23 A D 2d 529; *Terry & Gibson* v. *Bank of N. Y. & Trust Co.,* 242 App. Div. 699) and treat defendants' cross motion as one to vacate that part of the original judgment which decreed that respondents build the boardwalk, and, as such, grant the motion. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ SAMUEL HURWITZ et al., Appellants, v. ERNESTINE CRAMER, as Administratrix of the Estate of FRANK CRAMER, Deceased, Defendant, and FLORENCE REINES, as Administratrix of the Estate of PAUL PEISACH, Deceased, Respondent.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered May 1, 1967, in favor of defendant Reines as administratrix of the two estates, upon the trial court's dismissal of the complaint at the end of plaintiffs' case (including an offer of proof) upon a jury trial. Judgment reversed, on the law, and a new trial granted as between plaintiffs and defendant as administratrix of the two estates, with costs to plaintiffs to abide the event. No questions of fact have been considered on this appeal. In our opinion, it was error for the trial court to have dismissed the complaint. Considering the evidence adduced in the aspect most favorable to plaintiffs and giving them the benefit of every favorable inference which can be reasonably drawn therefrom (*African Metals Corp.* v. *Bullowa,* 288 N. Y. 78; *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176), we conclude that whether respondent's intestate Paul Peisach was confronted with an emergency which excused his actions was an issue of fact to be submitted to the jury. Brennan, Rabin, Hopkins and Munder, JJ., concur; Christ, Acting P. J., dissents and votes to affirm the judgment.