**28** In the Matter of UTICA MUTUAL INSURANCE COMPANY, Respondent, v JOSEPH CILENTO, Appellant. — In a proceeding to stay arbitration, Joseph Cilento appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered November 22, 1981, which, after a nonjury trial, granted a permanent stay of arbitration on the ground that Cilento did not establish, as

required by Utica Mutual's policy, that there had been physical contact between Cilento's vehicle and a hit-and-run vehicle. Judgment reversed, on the law and the facts, without costs or disbursements, judgment granted to the appellant dismissing the proceeding and the parties are directed to proceed to arbitration. The trial court incorrectly rejected the testimony of Cilento and a disinterested witness that there had been physical contact between Cilento's vehicle and a hit-and-run vehicle, and instead relied on ambiguous entries in a police accident report and a hospital report. No proper foundation was laid for the admission of these documents, and, in any event, they were inadmissible under the business record rule (see CPLR 4518; *Matter of Leon RR,* 48 NY2d 117; *Johnson v Lutz,* 253 NY 124; *Williams v Alexander,* 309 NY 283). Since this court has the power to grant the judgment which upon the evidence should have been granted by the trial court sitting without a jury (see *Koester v State of New York,* 90 AD2d 357; *Terry & Gibson v Bank of New York & Trust Co.,* 242 App Div 699), we reverse and dismiss the proceeding. Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.