■ STEVEN MAIO, Appellant, v LYNNE MAIO, Respondent.— In an action for a divorce and ancillary relief, in which the parties were divorced by judgment dated June 29, 1987, the plaintiff husband appeals, (1) as limited by his brief, from so much of an order and amended judgment (one paper) of the

Supreme Court, Westchester County (DiFede, J.H.O.), entered October 6, 1987, as, upon granting the defendant wife's motion to amend the original judgment of divorce, held that, in calculating the defendant wife's distributive award representing her 10% interest in the marital residence, the amount of the mortgage on the marital residence should be set at $60,000; (2) from an order and amended judgment (one paper) of the same court, entered November 25, 1987, which granted his motion to amend the order and amended judgment entered October 6, 1987, deleted the decretal paragraph thereof which awarded the defendant a distributive award representing her 10% "interest" in the marital residence, and substituted therefor a provision awarding the defendant $4,563 in satisfaction of all claims, and (3) as limited by his brief, from so much of an order and amended judgment (one paper) of the same court, entered May 17, 1988, as, upon granting the defendant's motion to vacate her default in answering the plaintiff's motion which was decided in the order and amended judgment entered November 25, 1987, awarded the defendant $10,700 representing her distributive award of her 10% "interest" in the marital residence.

Ordered that the appeals from the orders and amended judgments entered October 6, 1987, and November 25, 1987, respectively, are dismissed, as they were superseded by the order and amended judgment entered May 17, 1988, and because the appellant is not aggrieved by the order and amended judgment entered November 25, 1987 (see, CPLR 5511); and it is further,

Ordered that the order and amended judgment entered May 17, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff's procedural contentions do not warrant reversal. In the order and amended judgment entered October 6, 1987, the Supreme Court, Westchester County, in effect, vacated the original judgment and issued a new judgment (see, Horan v Town of Brookhaven, 29 AD2d 563). Further, the plaintiff was not aggrieved by the order and amended judgment entered November 25, 1987. That order and amended judgment was entered when the court granted his motion upon the defendant's default in answering it. The defendant moved to vacate her default, which, under the circumstances, was properly granted in the order and amended judgment entered May 17, 1988 (see, CPLR 5015).

Turning to the merits, we note that, following the commencement of the action for a divorce and ancillary relief, the plaintiff increased the mortgage on the marital residence to decrease any distributive award which the defendant might receive based upon its value. Thus, the Supreme Court properly calculated the defendant's distributive award based upon the amount of the mortgage existing at the time the action was commenced. Further, the Supreme Court properly disallowed the plaintiff's claims for selling costs because the plaintiff never intended to sell the property. Therefore, the court's award to the defendant of $10,700 was entirely proper. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.